**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RAPHAEL RAINEY, | : | MOTION TO VACATE |
| BOP # 65991-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:14-CR-170-WSD-JKL-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:16-CV-2270-WSD-JKL |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant, Raphael Rainey, confined in the Oakdale I Federal Correctional Institution in Oakdale, Louisiana, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate"). [Doc. 18.] The motion to vacate is before the Court for preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Summary dismissal of a motion to vacate is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." 28 U.S.C. foll. § 2255, Rule 4(b). For the reasons given below, the undersigned recommends that the motion to vacate be dismissed as untimely.

AO 72A
(Rev.8/82)

I.    Discussion

On August 4, 2014, Movant pleaded guilty to (1) conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a), and (2) robbery, in violation of 18 U.S.C. §§ 2 and 1951(a).  [Docs. 1, 12.]  On October 15, 2014, the District Court sentenced Movant to eighty-five months of imprisonment followed by three years of supervised release.  [Docs. 15, 16.]  Movant did not appeal.  [Doc. 17.]  Movant failed to execute his motion to vacate, which he filed on June 27, 2016.  [Doc. 18 at 13.]

A motion to vacate is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f).  The one-year period runs from the latest of the dates on which (1) Movant's convictions became final; (2) a Government impediment to making the motion to vacate was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims.  *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), Movant had fourteen days in which to appeal his convictions after the District Court sentenced him on October 15, 2014.  *See* Fed. R. App. P. 4(b)(1)(A)(i).  Movant did not appeal, and the fourteen-day period expired on

2

October 29, 2014.  Thus, Movant's convictions became final on that date, and the one-year statute of limitations in § 2255(f)(1) expired on October 29, 2015.[1]  Movant filed his motion to vacate nearly eight months late, on June 27, 2016.  Movant does not indicate that the circumstances set forth in § 2255(f)(2) and (4) apply to him.

Movant argues that § 2255(f)(3) applies to him because his sole ground for relief is based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016).  [Doc. 18 at 4, 10, 12.]  However, the District Court has determined that "Movant's claims do not fall within the scope of [*Johnson* and *Welch*]."  [Doc. 22 at 1; Doc. 23 at 1.][2]  Therefore, § 2255(f)(3) does not apply to Movant.

"Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).  Movant is not entitled to equitable tolling because he does not raise any

---

[1] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run."  *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

[2] *Johnson* and *Welch* apply to offenders who received enhanced sentences for convictions under 18 U.S.C. § 922(g).  Movant was convicted under § 1951(a), not § 922(g).

extraordinary circumstances that occurred during the one-year period in which he could have sought § 2255 relief.

"Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam).  To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.  Movant has not presented new reliable evidence demonstrating actual innocence.

Accordingly, the undersigned recommends that the motion to vacate be dismissed as untimely.  Movant's motion to appoint counsel [Doc. 19] is due to be denied because the interests of justice do not require the appointment of counsel for an untimely motion to vacate.  *See* 18 U.S.C. § 3006A(a)(2)(B).[3]

---

[3] Movant also filed an incomplete motion for leave to appeal *in forma pauperis* [Doc. 20], which is pending before the District Court.  Movant may have intended to seek leave to proceed *in forma pauperis* as to his motion to vacate.  If so, Movant's motion for leave to appeal *in forma pauperis* is due to be denied as moot because there is no filing fee for a motion to vacate.

4

II.    <u>Certificate of Appealability</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

5

A certificate of appealability should be denied because the resolution of the issues presented is not debatable.  If the District Court adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  28 U.S.C. foll. § 2255, Rule 11(a).

III.   <u>Conclusion</u>

Based on the foregoing, Movant's motion to appoint counsel [Doc. 19] is **DENIED**.  The undersigned **RECOMMENDS** that the motion to vacate [Doc. 18] be **DISMISSED** as untimely and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the motion to vacate to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED**, this 21st day of July, 2016.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE