IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAPHAEL RAINEY,

        Movant,

v.                                                             1:16-cv-2270-WSD

UNITED STATES OF AMERICA,            1:14-cr-170-WSD

        Respondent.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge John K. Larkins III's Final Report and Recommendation [24] ("R&R"). The R&R recommends the Court dismiss Movant Raphael Rainey's ("Movant") motion under 28 U.S.C. § 2255 [18] ("Section 2255 Motion"). Also before the Court are Movant's Objections to the R&R [26] and his Motion for Leave to Appeal *in Forma Pauperis* [20].

**I.     BACKGROUND**

On August 4, 2014, Movant pleaded guilty to (1) conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a); and (2) robbery, in violation of 18 U.S.C. §§ 2 and 1951(a). ([1], [12]). On October 15, 2014, the Court sentenced

Movant to eighty-five months of imprisonment followed by three years of supervised release. ([15], [16]). Movant did not appeal. ([17]).

On June 27, 2016, Movant filed his Section 2255 Motion, arguing that he is entitled to relief under the Supreme Court's opinion in Johnson v. United States, 135 S. Ct. 2551 (2015). Movant failed to sign the Section 2255 Motion.

On July 21, 2016, the Magistrate Judge issued his R&R. The Magistrate Judge found that Movant's Section 2255 Motion is untimely, and that equitable tolling is not appropriate. The Magistrate Judge noted that the Court already determined that Movant is not entitled to relief under Johnson. He recommends that the Court deny Movant's Section 2255 Motion, and that the Court deny a certificate of appealability ("COA").

On August 8, 2016, Movant filed his Objections. The only discernible objection to the R&R is that the Magistrate Judge made "a fraudulent statement" in noting that Movant pleaded guilty. (Obj. at 2). Movant argues that his guilty plea was "unknowing and involuntary" and he appears to raise the issue of ineffective assistance of counsel. (Id.). Movant does not appear to challenge the Magistrate Judge's determination that his Section 2255 Motion is untimely.

**II.   DISCUSSION**

   A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

   B.   Analysis

The only discernible objection to the R&R is that the Magistrate Judge made "a fraudulent statement" in noting that Movant pleaded guilty.  (Obj. at 2).  This objection is plainly without merit, because the record shows that, on August 4, 2014, the Court accepted Movant's guilty plea.  ([12]).  Though Movant argues his guilty plea is invalid, Movant does not contest the Magistrate Judge's determination that his Section 2255 Motion is untimely.  Accordingly, the Court conducts its plain error review of the R&R.

A Section 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f).  The one-year period runs from the latest of the dates on which (1) Movant's convictions became final; (2) a State impediment to filing a motion to vacate was removed; (3) a constitutional right on which Movant relies was recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims.  See 28 U.S.C. § 2255(f)(1)-(4).

Movant was sentenced on October 15, 2014, and he had fourteen days, until October 29, 2014, within which to file his appeal.  Because Movant did not appeal, his convictions became final on October 29, 2014, and he had one year, until October 29, 2015, to file his Section 2255 Motion.  The Magistrate Judge found that Movant's Section 2255 Motion, filed on June 27, 2016, is untimely.  The Court finds no plain error in these findings and recommendation.  See Slay, 714 F.2d at 1095.

Movant does not argue that the circumstances set forth in Section 2255(f)(2) and (4) apply.  The Magistrate Judge found that Section 2255(f)(3) does not apply, because the Court already determined that "Movant's claims do not fall within the scope of [Johnson and Welch v. United States, 136 S. Ct. 1257 (2016)]."  ([22] at

4

1, [23] at 1). The Magistrate Judge also found that Movant is not entitled to equitable tolling, because he does not raise any extraordinary circumstances that occurred during the one-year period in which he could have sought Section 2255 relief. The Magistrate Judge also found that Movant has not presented any new reliable evidence demonstrating actual innocence. Thus, the Magistrate Judge recommends the Court dismiss Movant's Section 2255 Motion as untimely. The Court finds no plain error in these findings and recommendation, and Movant's Section 2255 Motion is dismissed. See Slay, 714 F.2d at 1095.

The Magistrate Judge also recommends the Court deny a COA, because the resolution of the issues presented is not debatable. The Court finds no plain error in these findings and recommendation, and a COA is denied. See Slay, 714 F.2d at 1095. Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).[1]

---

[1] Because Movant has not filed any appeal, his Motion for Leave to Appeal *in Forma Pauperis* is denied without prejudice.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Final Report and Recommendation [24] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant's Objections to the R&R [26] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Movant's Section 2255 Motion [18] is **DISMISSED** and a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Motion for Leave to Appeal *in Forma Pauperis* [20] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 8th day of February, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE